CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 18 2013

JULIA C. DUDLEY, CLERK
BY: /s/ Moody
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

PAMELA W. DAVIS, )
)  Civil Action No. 7:12CV00334
Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, ) By:  Hon. Glen E. Conrad
) Chief United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Pamela Wyatt Davis, was born on April 2, 1960, and eventually completed her high school education. Mrs. Davis also earned an associate degree in community and social services. Plaintiff has worked as a storage facility rental clerk, department store clerk, and warehouse cleaner. She last worked on a regular and sustained basis in 2008. On November 17, 2008, Mrs. Davis filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on March 16, 2008, due to degenerative disc disease; residuals of back surgery; herniated discs; torn rotator cuff and labrum; bursitis in her shoulders and hips; and tendonitis in her hips. Mrs. Davis now maintains that she has

remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Davis met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 416(i) and 423(a).

Plaintiff's claims for benefits were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 25, 2010, the Law Judge also determined that Mrs. Davis is not disabled. The Law Judge found that plaintiff suffers from degenerative disc disease of the cervical and lumbar spine status post back fusion; shoulder pain status post arthroscopy; chronic cervicothoracic myalgia with a history of fibromyalgia; depression; and anxiety. Despite such a combination of impairments, the Law Judge ruled that plaintiff retains sufficient functional capacity for a limited range of light work. Given such a residual functional capacity, and after considering testimony of a vocational expert, the Law Judge determined that Mrs. Davis retains sufficient functional capacity to return to her past relevant work as a storage facility rental clerk. Accordingly, the Law Judge ultimately concluded that Mrs. Davis is not disabled, and that she is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(f) and 416.920(f).

Following the Law Judge's denial of her claim, Mrs. Davis sought review by the Social Security Administration's Appeals Council. In connection with her request for a review, plaintiff submitted new medical evidence to the Appeals Council. The Appeals Council noted receipt of the new medical evidence.[1] (TR 2). However, the Appeals Council denied plaintiff's request for review and ultimately

---

[1] The new medical reports are not included in the administrative record currently before this court. However, plaintiff has submitted the new reports directly to the court. It is undisputed that the reports submitted directly to the court are those same reports considered by the Appeals Council in connection with plaintiff's request for review.

adopted the Administrative Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mrs. Davis has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court concludes that there is "good cause" for remand of the case to the Commissioner for further development and consideration. The medical record, as considered by the Administrative Law Judge, confirms that Mrs. Davis has a history of serious musculoskeletal problems in her back and shoulders. She has also received treatment for emotional difficulties. The Administrative Law Judge stated that the record does not contain any opinions from treating or examining physicians indicating that the plaintiff is totally disabled. (TR 26). Mrs. Davis takes issue with this observation. She correctly notes that several doctors have reported that she suffers from significant physical restriction and limitation, and that one of her treating physicians has produced physical findings which indicate that she is limited to no more than sedentary

levels of exertion.[2] Nevertheless, the Law Judge ultimately adopted the findings of another treating physician, Dr. Murray Joiner. The Law Judge found that Dr. Joiner's reports establish that plaintiff retains sufficient functional capacity to perform light work activity such as that previously performed as a storage facility rental clerk.

The difficulty in this case arises on the basis of the new medical reports submitted by Mrs. Davis to the Social Security Administration's Appeals Council. As previously noted, it is undisputed that the Appeals Council received these reports. In denying plaintiff's request for review, and in adopting the Law Judge's opinion as the final decision of the Commissioner, the Appeals Council commented on the new reports as follows:

> We also looked at a letter from Robert R. Stephenson, M.D., dated November 22, 2010 detailing his examination of the claimant on that date; a computed tomography scan of your lumbar spine dated December 9, 2010; and progress notes from a follow-up visit to Dr. Joiner on June 13, 2011. The Administrative Law Judge decided your case through October 25, 2010. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 25, 2010.

(TR 2).

The court is simply unable to agree that the information included in Dr. Stephenson's medical assessment "is about a later time." Dr. Stephenson reviewed all of the objective medical studies and reports in Mrs. Davis' case in attempting to assess her condition. He recounted her long history of treatment for musculoskeletal issues, and noted that she had been unable to obtain substantial relief

---

[2] Without going into any great detail, the court notes that, given the underlying circumstances in the case, and assuming a residual functional capacity for no more than sedentary exertion, the medical vocational guidelines direct a determination of disabled once plaintiff attained the age of 50 on April 2, 2010. See Rule 201.10 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Indeed, given the medical finding of the treating physician, Dr. Randall Falls, the vocational expert also testified at the administrative hearing that Mrs. Davis would be unable to work. (TR 67). Thus, the court agrees that the mere fact that no doctor opined that plaintiff is totally disabled is not dispositive of her claims for benefits.

4

from her symptoms. Dr. Stephenson saw plaintiff on November 22, 2010. Given the substance of his report, and the temporal proximity of his examination, the court finds no reasonable basis to conclude that Dr. Stephenson's findings do not reflect upon plaintiff's condition less than a month earlier.

Dr. Stephenson ultimately found that plaintiff possesses residual functional capacity for no more than sedentary work activities. He listed the following residual functional findings and conclusions:

> The patient cooperated and appeared to give her best effort during evaluation today. Given the persistence of the patient's multiple areas of pain, despite extensive treatment over the years, I feel that the patient's overall prognosis for improvement with all of the above diagnoses is fair to poor. The patient has undergone an extensive treatment program by highly competent practitioners for all of these diagnoses, with limited improvement and persistent pain in all areas. I feel that the patient's lifting/carrying ability would be limited to 5-10 pounds on an occasional basis. Limitation in this regard would be mainly due to chronic low back pain with worsening of that pain with heavier lifting or carrying. I feel that the patient's standing or walking capability would be limited to 30 minutes at a time, with a total standing and/or walking capability limited to one-two hours in an eight hour workday with normal breaks. I feel that the patient's sitting capability would be limited to one-two hours at a time and limited to four-six hours total in an eight hour workday with periodic breaks. The patient would clearly be limited with regard to activities such as crouching, kneeling, squatting, crawling, etc., which she should avoid completely. She should also avoid prolonged driving or exposure to vibration or repetitive climbing of stairs or climbing ladders at all. The patient would not be able to operate any dangerous machinery, especially because she is on a high level of narcotic medication. The patient's narcotic usage should be monitored closely by her treating physicians. Cessation of smoking is strongly recommended as has previously been recommended by multiple practitioners. Ongoing treatment by pain management and/or physical medicine and rehabilitation specialist is recommended. Treatment by a mental health specialist for the patient's chronic depression is also recommended. The patient will continue under the care of her current treating physicians.

Also included in the new medical evidence are more recent reports from Dr. Murray Joiner, the pain specialist upon whose findings the Administrative Law Judge heavily relied. The reports indicate that Dr. Joiner has continued to provide treatment to Mrs. Davis for severe pain, including administration of steroid injections.

Assuming that the new medical reports submitted by Mrs. Davis to the Appeals Council are best characterized as new evidence, the court believes that plaintiff has established "good cause" for remand of her case to the Commissioner for consideration of the evidence on the merits. In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand based on new evidence must be considered:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

In the instant case, plaintiff submitted the new evidence directly to the Appeals Council. Thus, there is no question as to the nature of the evidence, nor is there any concern as to any failure to submit the evidence when the claim was before the Commissioner. Moreover, as noted above, any reasonable consideration of the new reports, in context with the earlier medical evidence, supports the notion that the findings relate to the same physical problems that Mrs. Davis has experienced for many years. Dr. Stephenson's report supports the finding of a treating physician that Mrs. Davis was unable to perform more than sedentary work at least as early as March of 2009. As noted above, under the medical vocational guidelines, a finding of residual functional capacity for no more than sedentary exertion would result in a determination of disabled as of plaintiff's fiftieth birthday on April 2, 2010. The court also reads Dr. Joiner's more recent reports as indicating that Mrs. Davis has not experienced any great

6

improvement and that she continues to be unable to work on a regular and sustained basis. Thus, it is quite plausible that the Commissioner's final decision might have been different had the Administrative Law Judge been given the opportunity to consider the reports submitted directly to the Appeals Council. Assuming that the new reports in this case are best characterized as new medical evidence, and considering the Borders factors, the court believes that plaintiff has established "good cause" for remand of her case to the Commissioner for further and more detailed consideration of that evidence.

The court recognizes that the new submissions by plaintiff might arguably fall in a somewhat different category, inasmuch as the reports were first provided to the Appeals Council, and were actually referenced by the Appeals Council in its denial of plaintiff's request for review. The court notes that the United States Court of Appeals for the Fourth Circuit was recently presented with a similar procedural scenario in the case of Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011). In that case, the Court made the following comments as to the assessment to be given to evidence submitted to the Appeals Council for its consideration in determining whether to review the opinion of an Administrative Law Judge:

> On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.

662 F.3d at 707. In the instant case, no fact finder has undertaken to determine whether the medical findings made only weeks after the Administrative Law Judge's decision were such as to reasonably support a finding of residual functional capacity for no more than sedentary levels of work. The court finds "good cause" for remand of this case to the Commissioner for such consideration.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development, including consideration of the new evidence submitted during the period between the issuance of the Administrative Law Judge's opinion and the adoption of such opinion as the final decision of the Commissioner by the Social Security Administration's Appeals Council. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record as supplemented by the new medical evidence, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

Dated this 18th day of March, 2013.

*/s/ Glen Conrad*
Chief United States District Judge